**KANTROWITZ, GOLDHAMER & GRAIFMAN**
**GARY S. GRAIFMAN**
210 Summit Avenue
Montvale, New Jersey 07645
Telephone (201) 391-7000

**GREEN & ASSOCIATES, LLC**
**MICHAEL S. GREEN**
522 Route 18, Suite 5
East Brunswick, New Jersey 08816
Telephone (732) 390-5900

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ———————————————————— | : | |
| HOWARD STERN, | : | |
| on behalf of himself and all others similarly | : | |
| situated, | : | |
| | : | Case No.: 14-cv- |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| REVEL AC, INC., REVEL AC, LLC, | : | |
| REVEL ENTERTAINMENT GROUP, LLC | : | |
| and CHATHAM ASSET MANAGEMENT, LLC | : | **CLASS ACTION COMPLAINT** |
| | : | **AND DEMAND FOR** |
| | : | **JURY TRIAL** |
| Defendants. | : | |
| ———————————————————— | : | |

Plaintiff Howard Stern, on behalf of himself and all others similarly situated, by and through his attorneys, alleges against the defendants Revel AC, Inc., Revel AC, LLC, Revel Entertainment Group, LLC and Chatham Asset Management, LLC (hereinafter "Defendants", "Defendant" and/or "Revel"), as follows:

## ALLEGATIONS APPLICABLE TO ALL COUNTS

## NATURE OF THE CASE

1.      This is a consumer class action asserting a class of all persons who, nationwide and/or in the State of New Jersey, played slot machines at the Revel Casino with a Revel Card during the month of July 2013, lost monies and sought a slot refund coupon pursuant to the Revel Casino promotion and offer that stated "You Can't Lose", "All July Slot Losses Refunded", "Free Slot Play!" (hereinafter the "You Can't Lose Promotion" or the "Promotion") (**See Exhibit A – Email of Promotion**). Revel Casino advertised, marketed and distributed the promotion that "You Can't Lose, All July Slot Losses Refunded."  Revel Casino is owned by Defendants Revel AC, Inc., Revel AC, LLC and Revel Entertainment Group, LLC.

2.      Plaintiff brings this class action to secure both injunctive relief and compensatory relief on behalf of individuals and entities who have suffered harm as a result of the promotion. Plaintiff asserts the claims on behalf of himself and the Class for injunctive relief and damages against the Defendants for breach of contract, violation of the New Jersey Consumer Fraud Act and violations of the Truth-in-Consumer Contract, Warranty and Fraud Act (N.J.S.A. 56:12-14 to 12-18).

3.      As set forth below, Defendants represented in their advertisements that slot machine losses would be refunded when, in actuality, no monies were refunded.  In fact, what Defendants advertisements failed to reveal was that Defendants intended that, any loss suffered by plaintiff and the Class members would only be refunded over 20 weeks as a weekly 'free slot play coupon' and the weekly free slot play must be used during the seven day valid period each or it would be forfeited."  As a result, Class members would have to lose at least $100 during July in their slots or

2

other electronic gaming, capped at $100,000, then, starting in August, each Class member would receive 20 "slot coupons," for five percent (5%) of their total losses, that would be redeemable over 20 weeks.

4.      Thus, in reality, consumers would receive only a $1/20^{th}$ credit of their losses to play each week that must be played or lost that week.  Consumers would therefore not receive their monies back as advertised but merely a coupon giving them the opportunity to further play slots that which were subject to the same odds of losing when gambling.  Simply put, the slot losses of July are NOT REFUNDED AS CASH.  Instead consumers must play the odds of gambling with any "refunds" they are credited with AND they must play $1/20^{th}$ of their losses each week over a 20 week period or they lose that part of their losses forever.

## PARTIES

5.      Plaintiff, Howard Stern resides in the Township of Middletown, County of Monmouth, State of New Jersey.  On or about July 14, 2013, Plaintiff received emails from Revel advertising the "You Can't Lose" Promotion.  Plaintiff played the slot machines at Revel Casino pursuant to the Promotion.  On or about July 20, 2013, Plaintiff, as a Revel Cardholder, lost $100.00 or more pursuant to the terms of Defendants' advertised promotion.   In addition to receiving confirmation of the losses to his Revel account, on or about August 5, 2013, Plaintiff received free slot play as the coupon for his losses.

6.       Defendant, Revel AC, Inc. has its principal place of business at 500 Boardwalk, Atlantic City, New Jersey 08401 and upon information and belief is an owner of Revel Casino.  As stated in public filings of Defendants, each Defendant, together with the others as affiliates, "owns and operates a world-class Atlantic City resort and casino, offering a distinct array of unique,

premium amenities intended to attract gaming, group business, and resort customers."  The intended purposes of the business of Defendant and its affiliates is, *inter alia*, "to engage in the business and conduct of casino gaming."  Defendant also maintains its registered office in the State of New Jersey at 100 Canal Pointe Boulevard, Suite 108, Princeton, New Jersey 08540.

7.  Defendant Revel AC, LLC has its principal place of business at 500 Boardwalk, Atlantic City, New Jersey 08401 and upon information and belief is an owner of Revel Casino.  As stated in public filings of Defendants, each Defendant, together with the others as affiliates, "owns and operates a world-class Atlantic City resort and casino, offering a distinct array of unique, premium amenities intended to attract gaming, group business, and resort customers."  The intended purposes of the business of Defendant and its affiliates is, *inter alia*, "to engage in the business and conduct of casino gaming."  Defendant also maintains its registered office in the State of New Jersey at 100 Canal Pointe Boulevard, Suite 108, Princeton, New Jersey 08540.

8.  Defendant Revel Entertainment Group, LLC has its principal place of business at 500 Boardwalk, Atlantic City, New Jersey 08401 and upon information and belief is an owner of Revel Casino.  As stated in public filings of Defendants, each Defendant, together with the others as affiliates, "owns and operates a world-class Atlantic City resort and casino, offering a distinct array of unique, premium amenities intended to attract gaming, group business, and resort customers."  The intended purposes of the business of Defendant and its affiliates is, *inter alia*, "to engage in the business and conduct of casino gaming."  Defendant also maintains its registered office in the State of New Jersey at 100 Canal Pointe Boulevard, Suite 108, Princeton, New Jersey 08540.

9.  Defendant Chatham Asset Management, LLC ("Chatham") is a Delaware limited liability company which maintains its principal place of business at 26 Main Street, Chatham, New Jersey

and maintains its legal address for service of process at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Defendant Chatham obtained the license from the New Jersey Gaming Commission to the management and operation of Revel's casino operations following Revel's reorganization and jointly operates and manages Revel's Casino operations.

## JURISDICTION AND VENUE

10.  This case is properly venued in this Court as Defendants have their principal place of business in New Jersey and market throughout the United States from that location, including in the State of New Jersey, to Class members.  Defendants may be served with process by serving their registered agents for service of process in the State of New Jersey.  This Court has original jurisdiction over this class action under 28 U.S.C. §1332(d)(2)(A) as Plaintiff alleges a nationwide class and because (i) the Plaintiff and at least one Defendant are citizens of different states, (ii) there are 100 or more class members; and (iii) there is an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs.

## CLASS ACTION ALLEGATIONS

11.     Pursuant to F.R.C.P. 23, the Plaintiff brings this class action on behalf of himself and all others similarly situated as members of the proposed plaintiff class (hereinafter "the Class").

The proposed F.R.C.P. 23(b)(3) Class is defined as follows:

> All citizens in the United States who lost more than $100 in slots or an electronic gaming device at Revel Casino while playing with a Revel Card during July 2013 and received a free slot play coupon for their losses.

**A New Jersey Subclass:**

All citizens of New Jersey who lost more than $100 in slots or an electronic gaming device at Revel Casino while playing with a Revel Card during July 2013 and received a free slot play coupon for their losses.

12.    This action may properly be maintained pursuant to the provisions of F.R.C.P. 23 as a class action as it satisfies the numerosity, commonality, typicality and adequacy requirements of the Rule.  Plaintiffs seeks to certify two classes, a damage class as in addition to the above noted requirements, the proposed class meets the predominance and superiority requirements of Rule 23(b)(3) as well as an injunctive class as the action also satisfies the requirements of Rule(b)(2) inasmuch as Revel has acted on grounds generally applicable to the Class making injunctive relief appropriate with respect to the Class as a whole.

13.    While the precise number of members cannot be ascertained without discovery, plaintiff believes that the Class is composed of hundreds, if not thousands, of persons who all are citizens of the United States who lost more than $100 in slots or electronic gaming devices at Revel Casino while playing with a Revel Card during July 2013 and received a free slot coupon for their losses, the joinder of whom in one action is impractical.  The disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. The numerosity requirement of F.R.C.P. 23(a)(1) is therefore satisfied.

14.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, and no unusual difficulties are likely to be encountered in the management of this class action.  Since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually seek redress for the wrongful conduct alleged.

15.     Rule 23(a)(2) and (b)(3) are both satisfied because there are questions of law and fact which are common to the Class and which predominate over questions affecting any individual class member.  The common questions include, *inter alia*, the following:

a.   Whether Defendants breached any express or implied warranties when they sold the "You Can't Lose Promotion";

b.   Whether Defendants' business practices constitute violations of the New Jersey Consumer Fraud Act;

c.   Whether Defendants' conduct in failing to adequately disclose the relevant facts concerning the "You Can't Lose Promotion" constitutes a violation of the New Jersey Consumer Fraud Act;

d.   Whether Defendants violated the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ["TCCWNA"], N.J.S.A. 56:12-14;

e.   Whether the Class has been damaged and/or suffered irreparable harm and, if so, the extent of such damages and/or the nature of the equitable and injunctive relief which each member of the Class is entitled.

16.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Plaintiff and Class members, and no unusual difficulties are likely to be encountered in the management of this class action.  Since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually seek redress for the wrongful conduct alleged.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Revel's

7

liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Revel's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of liability issues.

17.     Plaintiff's claims and the claims of members of the Class all derive from a common nucleus of operative facts.

18.     In satisfaction of F.R.C.P. 23(a)(3) and 23(a)(4), Plaintiff is asserting claims that are typical of the claims of the entire Class, and Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests that are antagonistic to those of the other members of the Class.  Plaintiff anticipates no difficulty in the management of this litigation as a Class action.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

19.     Pursuant to F.R.C.P. 23(b)(1) and (b)(2), in connection with Revel's continued promotions, advertising, and marketing of the allegedly deceptive "You Can't Lose" Promotion, Defendants have acted or refused to act on grounds generally applicable to the Class, making injunctive and/or declaratory relief appropriate with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20.     Revel advertises, markets, sells and distributes promotions for its Revel gambling casino.  Among such promotions are the "You Can't Lose, All July Slot Losses Refunded"

Promotion.

22.     Revel advertised and marketed its "You Can't Lose Promotion" through television, radio, direct email campaigns and other methods. (**See Exhibit A – Email of "You Can't Lose Promotion"**)

23.     Its promotion in advertising and marketing stated the following, "You Can't Lose, All July Slot Losses REFUNDED, Gamblers Wanted".  Although the advertising and marketing of the "You Can't Lose Promotion" are very clear, the terms of the offer show the promotion to be deceptive and a misrepresentation.  First, you must lose more than $100 and all losses must be tracked by the use of a Revel Card during the losses. Second, gamblers do not get refunded their losses, they do not receive cash back for the cash they lost.  They receive a casino loss refund coupon that may be used towards gambling on slots and electronic gaming machines again. Exposing those loss refund coupons to gambling odds, as opposed to refunds in cash, almost certainly causing the gambler to lose their supposed refund.  More onerous, the loss refund must be used over a twenty week period in equal installments in coupons as an equal fraction of the losses. **(See Exhibit B – July Slot "Loss" Refund Coupons)**  Finally, this twenty week coupon period forces gamblers to come back to Revel for twenty weeks in a row to use their coupons or face losing their coupon loss refund for each week in which they did not come back to play, it's a "use it or lose it" policy.

24.     Most deceptive, the "loss refund" is given back as "free slot play" which must be used over 20 weeks in equal installments and cannot be cashed out immediately.  One must play and win each week more than the weekly "free slot play" to be able to cash out any winnings, assuming they beat the house odds and, actually are in the "black" by week's end.  Therefore,, not only does

the consumer need to return to Revel for twenty weeks to use the "free slot play" or, if not, lose it, but the consumer then has to win more on a weekly basis to take any winnings or cash back from the apportioned amount of "free slot play" while playing against the odds of the Revel Casino.

25.    The terms of the offer in Revel's Rules & Regulations state in part the following:

- Void where restricted by law.

- Promotion play qualification period is 6 am Monday, July 1, 2013 through 5:59am on Thursday, August 1, 2013.

- To qualify, A Revel Card Member must have a minimum actual loss of $100.  Loss refunds will be capped at an actual loss of $100,000.

- Only carded ratings on an electronic gaming device are eligible.  This includes, but is not limited to, slot machine, video poker machine and digital table games (games that you are able to insert your Revel Card into).

- Actual loss is defined as: coin in minus coin out minus promotional free slot play to receive the true value of customer loss.  Promotional free slot play will not be included in the calculation to determine actual loss.  Ratings other than those from a slot machine, slot reel machine, electronic table game or video poker machine will not be included in the calculation to determine actual loss refund for the customer.

- Loss refund will be paid over 20 weeks as a weekly free slot play offer beginning August 7, 2013.  Eligible Revel Card Members must use the weekly free slot play during the seven day valid period each week or it will be forfeit.  Unused free slot play once expired will be invalid and will not be reinstated.  Free slot play is non-transferable.

**(See Exhibit C – "Rules & Regulations")**

26.    Plaintiff alleges that, at all relevant times, Defendant knew the "Promotion" did not make actual cash refunds of the losses, and did not refund the cash lost by consumers in its slots or electronic gaming machines.

## **FIRST COUNT**
### **(Violations of the New Jersey Consumer Fraud Act - N.J.S.A. 56:8-1 et seq.)**

27.    Plaintiff realleges and reincorporates by reference paragraphs 1 through 26 above

as though set forth in full herein.

28.    Revel advertises, markets, sells and distributes promotions for its Revel gambling casino.  Among such promotions was the "You Can't Lose Promotion" made through television, radio, direct email campaigns and other methods.

29.    Its promotion in advertising and marketing stated the following, "You Can't Lose, All July Slot Losses REFUNDED, Gamblers Wanted".  The advertising and marketing of "the Promotion" are very clear.  However, the consumer eventually learns that the actual terms of the offer differ substantially, masking the promotion deceptive and a misrepresentation.  The consumer must lose more than $100 and all losses must be tracked by the use of a Revel Card during the losses.  Second, consumers do not get refunded their losses as they do not receive cash back for the cash they lost.  They receive a casino loss refund coupon that may be used towards gambling on slots and electronic gaming machines again.  Exposing those loss refund coupons to gambling odds as opposed to refunds in cash, almost certainly causes consumers to lose any alleged "refund" making the offer illusory as best.  More onerous, the loss refund must be used over a twenty week period in equal installments in coupons as an equal fraction of the losses.  Finally, the requisite coupon period is spaced out over twenty (20) weeks, thus forcing the consumer to come back to Revel for twenty (20) weeks in a row to use their coupons or face losing even the  coupon  for each week in which they did not come back to play.  In essence, even the chance to win back any of one's losses in the illusory offer is based on a twenty week "use it or lose it" policy.

30.    Most deceptive, the "loss refund" is given back as "free slot play" which must be used over 20 weeks in equal installments cannot be cashed out immediately.  The consumer must

<u>win weekly more than the weekly "free slot play" to be able to cash out any winnings</u>.

31.    Plaintiff alleges that in violation of N.J.S.A. 56:8-2, the Defendants advertised, marketed and sold the "Free Slot Play" and "All July Slot Losses Refunded" Promotions through use of affirmative misrepresentations, omissions of material facts with the intent that consumers rely thereupon, as well as the use of an unconscionable commercial practice.  Specifically, the statements contained in the advertising and marketing of the "Free Slot Play" and "All July Slot Losses Refunded" Promotions contain affirmative misrepresentations in that the slot play is not free, as it is not refunded in cash but in coupons with severely limited restrictions as stated above. Further, the knowing advertising and marketing of the Promotions as "losses refunded" when the losses are not refunded in cash represent an unconscionable commercial practice.

32.    Plaintiff and other class members have suffered an ascertainable loss as a result of the unlawful acts complained of in the proceeding paragraphs and are therefore entitled to the relief afforded by N.J.S.A. 56:8-19, including monetary relief and injunctive.

<b><u>SECOND COUNT</u></b><br><b>(Breach of Contract)</b>

33.    Plaintiff realleges and reincorporates by reference paragraphs 1 through 32 above as though set forth in full herein.

34.    Plaintiff and other Class Members agreed to play slots or other electronic gaming machines at Revel under the "All July Slot Losses Refunded" Promotion.  Within this agreement to play slots at Revel under this Promotion there was an implied covenant that the Defendant would conduct its business with consumers in good faith and would deal fairly with the Plaintiff and other class members.

35.     Revel breached this implied covenant by selling to the Plaintiff and other class members a Promotion that was misrepresented in that it did not refund monies to consumers but coupons with free slot play with very restrictive terms of redemption that were exposed to the odds of gambling again.

36.     As a result of this breach, Plaintiff and other members of the class have suffered damages.

### THIRD COUNT
**(Violation of Truth-in-Consumer Contract, Warranty and Notice Act [TCCWNA], N.J.S.A. 56:12-14)**

37.     Plaintiff realleges and reincorporates by reference paragraphs 1 through 36 above as though set forth in full herein.

38.     TCCWNA provides in part that:

"No seller…shall in the course of his business offer to any consumer or prospective consumer or enter into any written contract or give or display any written consumer warranty, notice or sign…which includes any provision that violates a clearly established right of a consumer or responsibility of a seller…as established by State or Federal Law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed."

39.     TCCWNA also provides in part that:

"No consumer contract, warranty, notice or sign, as provided for in this act, shall contain any provision by which the consumer waives his rights under this act.  Any such provision shall be null and void.  No consumer contract, warranty, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey;

13

provided, however, that this shall not apply to warranties."

40.     Revel's "All July Slot Losses Refunded" Promotion that was displayed and written in emails and television is deceptive in that the losses are not refunded in cash and the slot coupon's are severely restrictive in terms of use.  This is an unconscionable commercial practice violative of the New Jersey Consumer Fraud Act, a breach of contract and violative of the implied covenant of good faith and fair dealing.  As Revel's Promotion is violative of a clearly established consumer right and/or of the responsibilities of the seller, Revel has violated the Truth-in-Consumer Contract, Warranty and Notice Act.

41.     Revel's "Rules & Regulations" for the Promotion states, "Void where prohibited or restricted by law" without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey also a violation of TCCWNA.

42.     TCCWNA provides that : "any person who violates the provisions of this act shall be liable to the aggrieved consumer whom he aggrieved or injured for a civil damages penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs.  The rights, remedies and prohibitions accorded by the provisions of this act are hereby declared to be in addition to and cumulative of any other right, remedy or prohibition accorded by common law, Federal law or statutes of this State.

43.     Revel has violated TCCWNA and the Plaintiff and Class Members request civil damages penalties of not less than $100.00 per violation and attorney's fees afforded under N.J.S.A. 56:12-14.

**WHEREFORE,** Plaintiff, on behalf of himself and the members of the Class, demand

judgment as follows:

(a) A determination that this action is a proper class action maintainable under Federal Rules of Civil Procedure, Rule 23, and certifying an appropriate Class and/or Subclass and certifying Plaintiff as Class and Subclass representatives;

(b) Awarding Plaintiff and members of the Plaintiff Class compensatory damages;

(c) Awarding Plaintiff and members of the Plaintiff Class counsel fees, costs and disbursements;

(d) Awarding Plaintiff and members of the Plaintiff Class treble damages pursuant to the provisions of N.J.S.A. 56:8-19;

(e) Awarding Plaintiff and members of the Plaintiff Class $100 in damages per violation of TCCWNA pursuant to the provisions of N.J.S.A. 56:12-14 and attorneys' fees;

(f) Enjoining the Defendants from continuing to promote, advertise, market and sell slot electronic gaming devices alleging slot losses refunded if cash is not refunded both preliminarily and upon final hearing; and

(g)  Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:  April 2, 2014

KANTROWITZ, GOLDHAMER & GRAIFMAN

By*:*    *s/Gary S. Graifman*
          **GARY S. GRAIFMAN, ESQ.**
          210 Summit Avenue
          Montvale, New Jersey 07645
          Tel: (201) 391-7000
          Fax: (201) 307-1086

GREEN & ASSOCIATES, LLC

By:   *s/Michael S. Green*
       **MICHAEL S. GREEN, ESQ.**
       522 Route 18, Suite 5
       East Brunswick, New Jersey 08816
       Telephone (732) 390-5900

       *Attorneys for Plaintiff*

# EXHIBIT A



REVEL

SUBSCRIBE TO NEWSLETTER

(855) 348-0500

RESORT   DINING   ENTERTAINMENT   GAMING   SHOPPING   MEETINGS   CALENDAR

REVEL CARD
JOIN | LOGIN

ROOMS & RESERVATIONS

**YOU CAN'T LOSE**

ALL JULY
SLOT LOSSES
**REFUNDED**

**GAMBLERS WANTED**

Gambling Problem? Call 1-800-GAMBLER

SHARE →

## OVERVIEW

Play slots, video poker and electronic table games with your Revel Card. We'll pay back your losses beginning in August! Minimum loss refunded is $100. Open to existing and new Revel Card holders.

Gamblers Wanted

Revel: Gamblers Wanted















http://www.youtube.com/watch?v=9aEbyekN0sk

http://www.youtube.com/watch?v=9aEbyekN0sk



http://www.youtube.com/watch?v=9aEbyekN0sk



# EXHIBIT B

# YOU CAN'T LOSE

## YOUR REFUND FOR JULY 1 – 31

You came. You played. And now, as promised, we're paying you back.

Enclosed is your July Slot Refund of $100. Come to Revel each week to play your slot refund coupon. Insert your Revel Card into any slot machine to activate your FREE Slot Play!

Offer valid once only during valid period. For complete details and rules of all promotions, customers can visit Revel Card desk or visit www.revelcasino.com. Must be 21 years of age. Revel Card required. Gambling Problem? Call 1-800-GAMBLER.



| $5 | $5 | $5 | $5 |
|---|---|---|---|
| **Free Slot Play!** | **Free Slot Play!** | **Free Slot Play!** | **Free Slot Play!** |
| Valid 8/5/13 - 8/13/13 | Valid 8/14/13 - 8/20/13 | Valid 8/21/13 - 8/27/13 | Valid 8/28/13 - 9/3/13 |
| Howard Stern | Howard Stern | Howard Stern | Howard Stern |
| 11083281 | 11083281 | 11083281 | 11083281 |
| $5 | $5 | $5 | $5 |
| **Free Slot Play!** | **Free Slot Play!** | **Free Slot Play!** | **Free Slot Play!** |
| Valid 9/4/13 - 9/10/13 | Valid 9/11/13 - 9/17/13 | Valid 9/18/13 - 9/24/13 | Valid 9/25/13 - 10/1/13 |
| Howard Stern | Howard Stern | Howard Stern | Howard Stern |
| 11083281 | 11083281 | 11083281 | 11083281 |
| $5 | $5 | $5 | $5 |
| **Free Slot Play!** | **Free Slot Play!** | **Free Slot Play!** | **Free Slot Play!** |
| Valid 10/2/13 - 10/8/13 | Valid 10/9/13 - 10/15/13 | Valid 10/16/13 - 10/22/13 | Valid 10/23/13 - 10/29/13 |
| Howard Stern | Howard Stern | Howard Stern | Howard Stern |
| 11083281 | 11083281 | 11083281 | 11083281 |
| $5 | $5 | $5 | $5 |
| **Free Slot Play!** | **Free Slot Play!** | **Free Slot Play!** | **Free Slot Play!** |
| Valid 10/30/13 - 11/5/13 | Valid 11/6/13 - 11/12/13 | Valid 11/13/13 - 11/19/13 | Valid 11/20/13 - 11/26/13 |
| Howard Stern | Howard Stern | Howard Stern | Howard Stern |
| 11083281 | 11083281 | 11083281 | 11083281 |
| $5 | $5 | $5 | $5 |
| **Free Slot Play!** | **Free Slot Play!** | **Free Slot Play!** | **Free Slot Play!** |
| Valid 11/27/13 - 12/3/13 | Valid 12/4/13 - 12/10/13 | Valid 12/11/13 - 12/17/13 | Valid 12/18/13 - 12/24/13 |
| Howard Stern | Howard Stern | Howard Stern | Howard Stern |

# EXHIBIT C

# ALL JULY SLOT LOSSES
# **REFUNDED**
## RULES & REGULATIONS

- As used herein "Revel" means Revel Entertainment and all of its parent, affiliated and subsidiary companies.
- Void where prohibited or restricted by law.
- Valid identification and Revel Card are required. Revel Cards are complimentary and are available at the Revel Card Center.
- This promotion is subject to all applicable federal, state and local laws and regulations, including gaming, and all aspects of the event are subject to the approval of appropriate regulatory authorities.
- Revel Card Members are responsible for all state and federal taxes and other fees if any.
- Promotion play qualification period is 6am Monday, July 1, 2013 through 5:59am on Thursday, August 1, 2013.
- To qualify, a Revel Card Member must have a minimum actual loss of $100. Loss refunds will be capped at an actual loss of $100,000.
- Only carded ratings on an electronic gaming device are eligible. This includes, but is not limited to, slot machine, video poker machine and digital table games (games that you are able to insert your Revel Card into).
- Actual loss is defined as: coin in minus coin out minus promotional free slot play to receive the true value of customer loss. Promotional free slot play will not be included in the calculation to determine actual loss. Ratings other than those from a slot machine, slot reel machine, electronic table game or video poker machine will not be included in the calculation to determine actual loss refund for the customer.
- Loss refund will be paid over 20 weeks as a weekly free slot play offer beginning August 7, 2013. Eligible Revel Card Members must use the weekly free slot play during the seven day valid period each week or it will be forfeit. Unused free slot play once expired will be invalid and will not be reinstated. Free slot play is non-transferable.
- Revel is not responsible for untracked slot ratings or any electronic gaming device rating. Revel Card Members are responsible for ensuring that their Revel Card is inserted properly into the slot machine/electronic gaming device and the card insertion bezel turns "green."
- Manual electronic gaming device ratings will not be counted toward actual loss; however, if manual ratings are necessary and determined by management, current procedures will be executed to ensure the guest has appropriate point and/or Resort Dollars awarded.
- Rated table games and Poker ratings are not included in this promotion.
- A full copy of all rules and regulations will be available at all times at the Revel Card Center.
- By participating in this event, the Revel Card Member agrees to the rules.
- Revel may disqualify any participant for participation upon fraud, dishonesty, violation of event rules or other misconduct whether or not it relates to this event.
- Management reserves the right to change or cancel this promotion at any time without notice for any reason subject to any applicable regulatory approval.

# REVEL
## CASINO · HOTEL
### revelresorts.com

Must be 21 or over to gamble, enter and remain in a New Jersey Casino or to ...nate in any Revel promotion. Bet with your head, not over it.